# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:21-cr-00075-DGK-01 |
| v. | ) |
| | ) |
| ANDREW N. MEYERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR A NEW TRIAL AND DISMISSING NOTICE OF APPEAL AS PREMATURE

Now before the Court is Defendant's pro se Motion for a New Trial and a Direct Appeal of his Conviction and Sentence. ECF Nos. 79, 80. Given these separate requests, Defendant's motion was filed as two separate docket entries: a pro se motion for a new trial (ECF No. 79), and a pro se notice of appeal (ECF No. 80). The Government has not filed a response to either.

On December 2, 2022, Defendant pled guilty pursuant to a plea agreement to being a felon in possession of a firearm (Count III) and possession with the intent to distribute five grams or more of actual methamphetamine (Count IV). As part of the plea agreement, the Government agreed not to pursue additional charges. The plea agreement also contains an appellate waiver expressly waiving Defendant's right to appeal his sentence, directly or collaterally, on any ground except ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. Plea Agreement, ECF No. 67. On August 17, 2023, the Court sentenced Defendant to 216 months and one day's imprisonment as to Counts III and IV and entered judgment. ECF No. 77. On August 28, 2023, Defendant filed the present motions.

As an initial matter, Defendant's motion for a new trial is DENIED because a trial was never held in this case. As for Defendant's notice of appeal, the Court finds it premature.

Generally, a criminal defendant must file a notice of appeal with the district court within fourteen days after the Court's entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). However, upon timely filing a motion for a new trial, the deadline to file a notice of appeal is extended to fourteen days after the Court rules on the motion for a new trial. *See* Fed. R. App. P 4(b)(3)(A). Here, Defendant's motion for a new trial, while frivolous, was timely made. *See* Fed. R. App. P. 4(b)(3)(A)(ii). Thus, Defendant now has until fourteen days after this Order to file a notice of appeal.

While Defendant already filed a notice of appeal (ECF No. 80), the Eight Circuit has articulated "the notice of appeal in a criminal case should *follow*, not precede, disposition of" a motion for a new trial. *United States v. Jones*, 669 F.2d 559, 561 (8th Cir. 1982) (emphasis added). Thus, a criminal defendant "acts prematurely by filing a notice of appeal before the district court has ruled on a timely motion for a new trial[,]" and so the "appeal should be summarily dismissed without prejudice." *Id.*; *see United States v. Ridl*, 26 F.3d 73, 75 (8th Cir. 1994) (discussing *Jones*).

Because Defendant filed his notice of appeal before this Order, his notice of appeal is premature and DISMISSED WITHOUT PREJUDICE. If Defendant still wants to file a direct appeal, despite the fact his plea agreement contains an appellate waiver, he must do so within fourteen days of this Order.

**IT IS SO ORDERED.**

Date: October 24, 2023            /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT